Jacob Markowitz, J.
By this article 78 proceeding, landlord, who was granted a building-wide rent increase pursuant to the 6% net return formula, seeks further immediate provision for an additional rental raise.
On August 12,1960, a few days after acquiring title to subject premises, the landlord applied for a rent increase on the ground that it was not earning a 6% return on its purchase price. On June 29, 1961, the State Local Rent 'Administrator issued dual orders granting landlord a 15% increase, retroactive to December 29, 1960, and an additional rent raise of 3%, effective on December 29, 1961. This grant of a divisible 18% increase was permissible under the applicable State statute then in effect (Emergency Housing Rent Control Law, § 4, subd. 4, par. [b]; L. 1961, ch. 337).
On August 14, 1961, landlord filed subject application for a further rental augmentation on the same basis as previously. While the proceeding was pending, rent control was transferred from State to city administration. On April 3, 1963, the city district rent director promulgated orders which again permitted landlord a maximum rent increase of 15%, but this time pursuant to the city statute applicable, which provided simply that “ The total of all adjustments ordered by the city rent agency * * * for any individual housing accommodation shall not exceed fifteen per centum for any twenty-four month period ” (Administrative Code of City of New York, § Y 51-5.0, subd. g, par. [2]). Accordingly, since the landlord, less than two years before the issuance of the orders herein, secured a 3% rent increase, "the director correctly subtracted 3% from the 15% allowed and authorized only a 12% augmentation. It is perfectly clear that the City Council, in adopting rent control legislation, intended to and did eliminate specifically the prior allowance of the, in effect, 18% increase, based on inadequate return. Respondent’s decision in affirming such orders was neither erroneous nor arbitrary,- whereas, any determination to the contrary would have been illegal and an abuse of authority.
*769 Finally, it is noted that the argument made by landlord as to dual rent raises in wage increase cases, is both irrelevant and without merit in deciding the instant issue. Moreover, even as to these matters, in accordance with statutory limitation, the total rent increase provided may not exceed 15% of the rent in effect on the date of the filing of the application.
Legislative history and obvious statutory intent confirm the propriety of respondent’s determination and mandate that it not be disturbed. The motion is denied, and the petition is dismissed.